**Jose GARCIA, Petitioner/Appellant,**

v.

**D.L. RUNNELS, Respondent/Appellee.**

No. 03–56402.

D.C. No CV–02–06613–ABC (SGL).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 2005.

Decided Aug. 11, 2005.

Jerald L. Brainin, Los Angeles, CA, for Petitioner/Appellant.

Sharlene A. Honnaka, Kristofer Jorstad, Office of the California Attorney General, Los Angeles, CA, for Respondent/Appellee.

Before O'SCANNLAIN and RAWLINSON, Circuit Judges, and WHALEY,* District Judge.

MEMORANDUM**

I

Petitioner–Appellant Jose Garcia appeals from the decision of the United States District Court for the Central District of California, which denied his petition for a writ of habeas corpus under 28 U.S.C. § 2254. On April 28, 2004, we issued a certificate of appealability on one issue raised by Garcia's petition: Did trial counsel render ineffective assistance by giving erroneous advice regarding the sentence during plea negotiations?

We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

II

In 1999, Garcia was charged with four counts of armed robbery, and two counts

---

* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of possession of a firearm by a felon. He was facing ten-year firearm enhancements, as well as application of California's three-strikes laws. As a result, if convicted, he was facing multiple sentences of 35 years to life. Trial commenced on April 12, 2000. On the first day of trial, the trial court offered Garcia a plea bargain—if he pleaded guilty, he would receive a determinate sentence of 36 years. His counsel advised him of the plea offer during a five-minute conversation prior to trial. According to Garcia, his counsel told him that the court was offering a plea bargain of "36 years at 85%," which would mean that Garcia would spend 30 years in prison if he accepted the bargain. According to his declaration, Garcia asked his attorney what his chances at trial would be and his counsel advised him that he had a 60% chance of winning because "there [were] no fingerprints on the gun and no property was recovered linking [Garcia] to the robberies." His counsel also told Garcia that he planned on challenging the identification evidence at trial.

Garcia stated that his counsel told him that "30 years was no deal at all and was equivalent to a life sentence," and advised him that he should not take the deal. His counsel also told him that he was a "three-striker" and would be facing 25 years to life; that a "life sentence was a life sentence;" and "it didn't matter how many actual years preceded the life term."

Consequently, he rejected the trial court's plea offer. A jury convicted him of three counts of armed robbery and two counts of felon in possession of a firearm and the trial judge sentenced him to 70 years to life, without a possibility of parole.

### III

The district court's decision to grant or deny a petition for a writ of habeas corpus is reviewed *de novo*. *Lambert v. Blodgett,* 393 F.3d 943, 964 (9th Cir.2004). A claim of ineffective assistance of counsel presents a mixed question of law and fact, meriting *de novo* review. *Jones v. Wood,* 114 F.3d 1002, 1010 (9th Cir.1997). This court's review of a habeas ruling is limited by the Certificate of Appealability. 28 U.S.C. § 2253(c)(1),(3); *Williams v. Rhoades,* 354 F.3d 1101, 1106 (9th Cir. 2004).

### IV

The state court's finding that Garcia was not misinformed about the possible sentence was not objectively unreasonable, in light of the evidence in the state court record. It is clear from the transcript that the trial court explicitly told Garcia that he was facing a life sentence. Garcia has not provided any explanation for why he told the court that he understood this when questioned by the court, if he really did not. Additionally, his counsel essentially informed Garcia that he was facing a "life" sentence if he was convicted of all the charges when he said "it didn't matter how many actual years preceded the life term." It is undisputed that Garcia was told that he was facing a longer sentence than he actually received.

If Garcia was never misinformed about his possible sentences, there is no underlying basis for his ineffective assistance of counsel of claim. Accordingly, because the state court findings that Garcia was not misinformed about the possible sentence are not objectively unreasonable, the district court's denial of Petitioner's section 2254 petition was proper.

**AFFIRMED.**